**PATTI & PATTI, ESQS.**
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| RAMON RODRIGUEUZ and IVELISSE RODRIGUEZ, his wife, | : |
| Plaintiffs, | : Civil Action No. 08-4239 (RBK) |
| v. | : |
| | : AMENDED COMPLAINT |
| FRED SIENNA, Corrections Officer, JEFFREY J. HALL, Corrections Officer, ANDREW ROMAN, Corrections Officer, D. DOUGHERTY, Corrections Officer, REGINALD EASLEY, Senior Investigator, | : |
| Defendants. | : |

---

   Plaintiffs Ramon and Ivelisse Rodriguez, by their attorneys, the Law Firm of Patti & Patti, Esqs., by way of Amended Complaint against the Defendants, alleges as follows:

<u>PARTIES</u>

   1. Plaintiff Ramon Rodriguez is a citizen of the United States and an individual who resides in the Township of Teaneck, County of Bergen, and State of New Jersey.

   2. Plaintiff Ivelisse Rodriguez is the wife of Plaintiff Ramon Rodriguez and is a

citizen of the United States and an individual who resides in the Township of Teaneck, County of Bergen, and State of New Jersey.

3. At all times relevant herein, and upon information and belief, Defendant Fred Siena (hereinafter "Siena') was a State Corrections Officer, employed by the State of New Jersey, Department of Corrections, assigned to E-Unit, Bayside State Prison.

4. At all times relevant herein, and upon information and belief, Defendant Jeffrey J. Hall (hereinafter "Hall") was a State Corrections Officer, employed by the State of New Jersey, Department of Corrections, assigned to E-Unit, Bayside State Prison.

5. At all times relevant herein, and upon information and belief, Defendant Andrew Roman (hereinafter "Roman") was a State Corrections Officer, employed by the State of New Jersey, Department of Corrections, assigned to E-Unit, Bayside State Prison.

6. At all times relevant herein, and upon information and belief, Defendant D. Dougherty (hereinafter "Dougherty") was a State Corrections Officer, employed by the State of New Jersey, Department of Corrections, assigned to E-Unit, Bayside State Prison.

7. At all times relevant herein, and upon information and belief, Defendant Reginald Easley (hereinafter "Easley") was a Senior Investigator employed by the State of New Jersey Department of Corrections, Special Investigation Division assigned to Bayside State Prison and was responsible as the lead investigator of the assault on Plaintiff.

8. At all times relevant herein, and upon information and belief, Defendants John Doe 1-100, were State Corrections Officers holding ranks of either, Corrections Officer, Sergeant, Lieutenant, or Captain, and/or otherwise held supervisory positions, employed by the State of New Jersey, Department of Corrections and assigned to E-Unit, Bayside State Prison.

9. At all times relevant herein, Plaintiff Ramon Rodriguez was an inmate under the

care and custody of the State of New Jersey, Department of Corrections assigned to E-Unit, cell 2-2-10, Bayside State Prison.

10. At all times relevant herein, and upon information and belief, Glen Wood was an inmate under the care and custody of the State of New Jersey, Department of Corrections assigned to E-Unit, cell 2-2-10, Bayside State Prison.

11. At all times relevant herein, and upon information and belief, Malcolm Williams was an inmate under the care and custody of the State of New Jersey, Department of Corrections assigned to E-Unit, Bayside State Prison.

12. At all times relevant herein, and upon information and belief, Jonathan Cutler was an inmate under the care and custody of the State of New Jersey, Department of Corrections assigned to E-Unit, cell 1-2-2, Bayside State Prison.

13. At all times relevant herein, and upon information and belief, Richard Green was an inmate under the care and custody of the State of New Jersey, Department of Corrections assigned to E-Unit, cell 1-3-3, Bayside State Prison.

JURISDICTION AND VENUE

14. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343. Venue is proper pursuant to 28 U.S.C. § 1391 (a) in that a substantial part of the events or omissions giving rise to the claim occurred in the District of New Jersey. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391 (b) in that one or more of the defendants resides in this judicial district.

FACTS COMMON TO ALL CAUSES OF ACTION

15. On or about August 22, 2006, Plaintiff Ramon Rodriguez was an inmate at Bayside State Prison assigned to E-Unit, Cell 2-2-10.

16. On the same date, Malcolm Williams, Jonathan Cutler, and Richard Green were all inmates at Bayside State Prison also assigned to E-Unit.

17. At approximately 8:00 a.m. on said date, without provocation or warning, Plaintiff Rodriguez was suddenly and violently assaulted by inmates Williams, Cutler, and Green inside his cell.

18. As a result of the assault, Plaintiff Rodriguez was placed in the Intensive Care Unit at Saint Francis Medical Center where his initial diagnosis was severe head trauma ("bruising on the brain"), pansinusitis, multiple facial fractures, rib fractures, pulmonary contusion in the upper the left upper lobe, subcutaneous emphysema within the left chest wall, significant soft tissue trauma to the right side of the face and acute fractures of the mandible, right maxillary sinus extending to the floor of the orbit and lateral wall of orbit and both zygomatic arches. Plaintiff Rodriguez was placed on a mechanical ventilator and underwent a tracheostomy. Plaintiff Rodriguez did not regain consciousness until September 13, 2006. Plaintiff Rodriguez sustained severe, debilitating and permanent injuries as a result of the assault.

19. An ensuing investigation conducted by Senior Investigator Reginald Easley revealed that inmates Williams, Cutler, and Green were responsible for the assault. The assault was carried out on the orders of inmate Williams because Plaintiff Rodriguez was labeled a "snitch."

20. During the course of the investigation it was revealed that on the evening of August 21, 2006, inmate Williams was in possession of inmate remedy forms that accused him of harassing and "shaking down" other inmates. The investigation further revealed that inmate Williams believed Plaintiff Ramon Rodriguez wrote the inmate remedy forms and ordered the assault on Plaintiff.

21. During the ensuing investigation and search of inmate Cutler's cell, two pieces of paper were found under his mattress. The pieces of paper contained Plaintiff's name, date of birth, SBI number and the phrase "follow up infection."

22. In July 2006, the Special Investigations Division conducted an investigation into the activities of inmate Williams because an inmate had submitted an inmate remedy form alleging that Williams and other members of the Bloods were stealing inmate's property and extorting them.

23. At all times relevant herein, and upon information and belief, inmate Williams was known by the Department of Corrections, the Bayside State Prison administration, and Defendants as a "security threat group member," specifically a leading member of the street gang "Bloods."

24. At all times relevant herein, and upon information and belief, inmate Cutler was known by the Department of Corrections, the Bayside State Prison administration, and Defendants as a "security threat group member," specifically a member of the street gang "Bloods."

25. At all times relevant herein, and upon information and belief, inmate Green was known by the Department of Corrections, the Bayside State Prison administration, and Defendants as a "security threat group member," specifically a member of the street gang "Bloods."

26. Prior to the assault, on multiple occasions, Plaintiff Ramon Rodriguez submitted inmate remedy forms alleging that his cellmate Glen Wood was a habitual drug user and repeatedly requested that he be moved. Plaintiff Rodriguez repeatedly told Defendants he was fearful of inmate Wood. Defendants interviewed both Plaintiff Rodriguez and inmate Wood on

separate occasions at separate locations but took no action to protect Plaintiff Rodriguez.

27. At all times relevant herein, Defendants were aware that Plaintiff Rodriguez was at a significantly heightened risk of physical harm as he was acting as an informant and was labeled "snitch." He was acting as an informant in a prison unit that housed known members of the security risk group, the Bloods. Defendants took no action to protect him from harm.

28. At the time of the assault, inmates Williams, Cutler, and Green were assigned to the first tier of E-Unit and did not have permission to be on the second tier of E-Unit inside Plaintiff Rodriguez's cell.

29. Inmate Williams possessed inmate remedy forms that only could have been obtained through a security breach and/or through the unlawful act(s) of State Corrections Officers.

30. In fact, as part of Defendant Easley's investigation, multiple witnesses were interviewed and recorded statements were taken. At least three witnesses described by Defendant Easley as consistent, and one in particular as "highly credible" stated that Defendants Roman and Dougherty had revealed to inmate Williams the name of Plaintiff as being the author of multiple inmate remedy forms accusing Williams and other Bloods members of extortion and stealing.

31. Upon information and belief, the "highly credible" witness was in actuality inmate Cutler, one of the assaulters and close Bloods associate of inmate Williams. Inmate Cutler stated that he had witnessed Defendants Roman and Dougherty providing inmate Williams with the inmate remedy forms and even described hearing Defendant Roman telling inmate Williams something had to be done to silence Plaintiff as Plaintiff had authored an inmate remedy form accusing Defendant Roman of misconduct. Inmate Cutler further stated that

Defendant Dougherty had searched Plaintiff's foot locker the night before the attack and retrieved multiple copies of inmate remedy forms and had given them to Williams.

32. Although Defendant Easley described two of these witnesses as "consistent" in their statements which also implicated Defendants Roman and Dougherty, and although he described inmate Cutler as "highly credible" he completely ignored these explosive allegations and left them out of his investigation reports. No meaningful investigation was conducted into the actions of Defendants Roman and Easley.

33. Upon information and belief, Defendants Siena and Hall improperly and against the Department of Corrections protocol, practice, and procedures left their posts in E-Unit unattended allowing the assault to occur.

34. Upon information and belief, Defendants Easley, Roman, Dougherty, conspired to cover up the involvement of Defendants Roman and Dougherty in the initiating and planning of the assault of Plaintiff.

<div style="text-align:center">

FIRST COUNT
(Defendants Siena, Hall, Roman,
Dougherty, and Easley)

</div>

35. Plaintiff Rodriguez hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

36. Pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, there exists a prohibition against "cruel and unusual punishment" and the unnecessary and wanton infliction of pain against prisoners, pre-trial detainees and any individuals who are being held involuntarily by the State.

37. Defendants Siena, Hall, and Easley acted with deliberate indifference to the aforementioned known constitutional rights when they failed to protect Plaintiff Rodriguez from

an extreme risk of potentially lethal harm at the hands of other inmates when Defendants knew Plaintiff Rodriguez was labeled a "snitch."

38. Defendants Roman, Dougherty, and Easley acted with deliberate indifference to the aforementioned known constitutional rights when they unlawfully created an extreme and potentially lethal risk of harm by providing inmates Williams, Cutler, and Green, known Bloods street gang members, with inmate remedy forms purportedly authored by Plaintiff accusing them of wrongdoing and demanding that Plaintiff be taken care of by inflicting extreme harm.

39. By doing so, and by further permitting known security risk inmates access to confidential inmate remedy forms and unauthorized access to Plaintiff's cell, Defendants Siena, Hall, Roman, Dougherty, and Easley failed to protect Plaintiff Rodriguez from a violent attack at the hands of other inmates with known histories of violence thereby disregarding or otherwise creating an excessive risk to his health and safety in violation of his Constitutional rights.

40. By their actions, Defendants Siena, Hall, Roman, Dougherty, and Easley created and disregarded an excessive risk to Plaintiff Rodriguez's health and safety in violation of his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution by inflicting "cruel and unusual punishment" and unnecessary wanton infliction of pain on him.

41. As a direct and proximate result of the actions of all Defendants, Plaintiff Rodriguez was caused severe and permanent injury, will endure and has endured severe pain and suffering, and has required and will in the future require extensive medical treatment.

42. Because Defendants Siena, Hall, Roman, Dougherty, and Easley engaged in willful and wanton misconduct and/or in reckless or callous indifference to Plaintiff Rodriguez's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, Plaintiff Ramon Rodriguez demands judgment against Defendants Siena, Hall, Roman, Dougherty, and Easley for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

## SECOND COUNT
(Section 1983 Conspiracy)

43.   Plaintiff Rodriguez hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

44.   The actions of Defendants Siena, Hall, Roman, Dougherty, and Easley amounted to a conspiracy to directly deprive Plaintiff of Equal Protection under the Laws and Constitution of the United States of America.

45.   As a direct and proximate result of said conspiracy, Plaintiff Rodriguez was caused severe and permanent injury, will endure and has endured severe pain and suffering, and has required and will in the future require extensive medical treatment.

46.   Because Defendants Siena, Hall, Roman, Dougherty, and Easley engaged in willful and wanton misconduct and/or in reckless or callous indifference to Plaintiff Rodriguez's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, Plaintiff Ramon Rodriguez demands judgment against Defendants Siena, Hall, Roman, Dougherty, and Easley for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

## THIRD COUNT

(New Jersey State Law Per Quod Claim)
(All Defendants)

47.    Plaintiff Rodriguez hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

48.    Plaintiff Ivelisse Rodriguez is the lawful wife of Plaintiff Ramon Rodriguez.

51.    As a result of the Civil Rights violations on the part of the Defendants, Plaintiff Ivelisse Rodriguez has been and will be permanently deprived of the services, society and consortium of her husband, Plaintiff Ramon Rodriguez.

Wherefore, Plaintiffs Ivelisse Rodriguez and Ramon Rodriguez, demand judgment against all Defendants for damages together with interest and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable therein.

**PATTI & PATTI, ESQS.**

By:   s/ Jeffrey M. Patti
Attorney for Plaintiffs

Dated: April 21, 2011