NOT FOR PUBLICATION                                         (Document No. 114)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| RAMON RODRIGUEZ and IVELISSE RODRIGUEZ, | |
| Plaintiffs, | Civil No. 08-4239 (RBK/KMW) |
| v. | **OPINION** |
| GEORGE W. HAYMAN, et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises out of a serious physical attack upon Plaintiff Ramon Rodriguez while he was incarcerated at Bayside State Prison in Leesburg, New Jersey. Plaintiff Ramon sought relief against various state officials ("Defendants") under 42 U.S.C. § 1983, while his wife, Plaintiff Ivelisse Rodriguez asserted a per quod claim under New Jersey law. Currently before the Court is Plaintiffs' motion to reconsider the Court's order of June 13, 2012 in which, after hearing the parties' oral argument, it granted the remaining Defendants' motion for summary judgment. (Doc. No. 110). For the reasons expressed herein, the Court finds that Plaintiffs have not presented to the Court any new information that was not available at the time of the June 13, 2012 hearing that would provide a proper basis for reconsideration. Further, even if the Court were to consider the "new" evidence referred to in Plaintiffs' motion, such evidence would not lead the Court to a different result. Thus, Plaintiffs' motion for reconsideration will be denied.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court recounted at some length the facts underlying Plaintiffs' cause of action in an earlier opinion. *See Rodriguez v. Hayman*, No. 08-4239, 2009 WL 4122251 at \*\*1-2 (D.N.J. June 13, 2012). For purposes of the present motion, a shorter summary will suffice. On August 22, 2006, Plaintiff[1] was severely beaten by three fellow inmates, apparently because he had earned a reputation as an informant and a snitch. He suffered extensive injuries as a result. In August 2008, Plaintiff brought suit under 42 U.S.C. § 1983 against employees of the New Jersey Department of Corrections, claiming that these employees knew that he was at risk of attack by his fellow inmates but violated his Eighth Amendment rights by doing nothing to protect him.

After three and a half years of litigation, the Defendants remaining in the action filed a motion for summary judgment. Doc. No. 80. With respect to Defendants Andrew Roman and Delia Dougherty, two Department of Corrections officers who worked at Bayside State prison at the time Plaintiff was attacked, the Court found that the only evidence offered against them was inadmissible hearsay and therefore not a proper basis for generating a disputed issue of material fact that would otherwise preclude a finding of summary judgment.

Plaintiffs now ask the Court to reconsider this finding. Specifically, they offer an affidavit from their investigator attempting to show that Malcolm Williams, a former fellow inmate at Bayside, is "unavailable" within the meaning of Federal Rule of Evidence 804. Therefore, Plaintiffs continue, the Court can properly consider Mr. Williams's statements[2] implicating Defendants Roman and Dougherty under the "statements against interest" exception to the hearsay rule. *See* Fed. R. Evid. 804(b)(3).

II.     DISCUSSION & ANALYSIS

---

[1] References to "Plaintiff" will refer to Plaintiff Ramon Rodriguez, rather than his wife Ivelisse Rodriguez.
[2] Mr. Williams's statements were contained in the deposition testimony of Jonathan Cutler, another former inmate at Bayside Prison.

A. Legal Standard

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Church & Dwight Co. v. Abbott Labs.,* 545 F.Supp.2d 447, 449 (D.N.J. 2008). The rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." *NL Indus., Inc. v. Commercial Union Ins. Co.,* 935 F.Supp. 513, 515 (D.N.J.1996) (quoting local rule); *see also United States v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J.1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." *United States v. Jones,* 158 F.R.D. 309, 314 (D.N.J.1994) (citing *Maldonado v. Lucca,* 636 F.Supp. 621, 630 (D.N.J.1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. *See G–69 v. Degnan,* 748 F.Supp. 274, 275 (D.N.J.1990).

B. Plaintiffs' "New" Evidence

Plaintiffs assert that reconsideration is appropriate based on new evidence that was not available at the time the Court entered its order granting summary judgment for Defendants Dougherty and Roman on June 13, 2012. Specifically, Plaintiffs offer an affidavit of Michael

3

Boyle, their private investigator, describing his ultimately unsuccessful attempts to locate and find Malcolm Williams in order to take his deposition in the case. Boyle Decl. ¶¶ 2-8.

The Court finds that the facts in Mr. Boyle's affidavit are not the sort of previously unavailable new evidence that the Court may properly consider on a motion for reconsideration. Mr. Boyle describes actions that he took in October and November 2011 at the behest of Plaintiffs' attorney, Jeffrey Patti. These acts occurred seven months before the June 2012 hearing, and were clearly within Mr. Patti's knowledge at the time he argued Defendants' summary judgment motion. Thus, they provide no basis for reconsideration.

However, even if the Court were to take into account Mr. Boyle's affidavit, it would not reach a different result than the one it did at the June 2012 hearing. That is, the affidavit does demonstrate that Mr. Williams is unavailable within the meaning of Federal Rule of Evidence 804(a)(5)(B).

Plaintiffs, seeking to admit Mr. Williams's hearsay statements under Rule 804, have the burden of establishing his unavailability. *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 165 (3d Cir. 1995). A declarant is unavailable when he is absent from a trial or hearing and the party seeking to introduce his statement "has not been able, by process or other reasonable means, to procure . . . [his] attendance or testimony." Fed. R. Evid. 804(a)(5)(B). In civil cases, where the use of out of court statements does not trigger the Sixth Amendment's Confrontation Clause protections, determining whether a party used "reasonable means" to locate a declarant is a decidedly fact-intensive inquiry which is generally left to the trial court's sound discretion. *See* 2 McCormick on Evid. § 253 n.35 (7th ed.). Indeed, a review of cases applying this standard to a party's attempts to locate a missing declarant admits of few bright line rules. *See, e.g.*, *Elnashar v. Speedway SuperAmerica, LLC*, No. 02-4133, 2005 WL 2333832, at *5 (D. Minn. Sept. 22,

4

2005) (declining to find declarant unavailable for purposes of the statement against interest exception when proponent's only evidence of reasonable means was service of a single subpoena which was returned undelivered); *Muldoon v. Prudential Ins. Co. of Am*, No. 99-1422, 2003 WL 21293701 at *2 (D. Minn. May 16, 2003) (characterizing efforts to locate a declarant as "lackluster" when proponent displayed a "passive attitude toward production of a witness" in failing to learn how long he would be out of the country, where exactly he was located, and how to contact him); *Carbotrade SpA v. Bureau Veritas*, No. 92-1459, 1994 WL 9652 at *2 (S.D.N.Y. Jan. 13, 1994) (rejecting proponent's unavailability argument where proponent was unable to demonstrate that he made any attempts to procure the testimony of absent witness); *but see Carpenter v. Dizio*, 506 F. Supp. 1117, 1123 (E.D. Pa. 1981) (finding that proponent used reasonable means where his attorney sent "numerous letters, certified and uncertified," to declarant's last known address," placed "[n]umerous phone calls . . . to that address", personally visited that address, "questioned a neighbor as to his whereabouts," and checked declarant's "former place of business where he suspected that the [he] may be working"); *United States v. Ochoa*, 229 F.3d 631, 637-38 (7th Cir. 2000) (finding declarant to be unavailable where FBI spent several days trying to locate him, including speaking to his employer, landlord, other individuals, and obtaining a material witness arrest warrant); *Zola v. Gordon*, No. 86-4790, 1993 WL 247821 at *2 (S.D.N.Y. June 30, 1993) (determining that declarant was unavailable after proponent was unable to identify the declarant's address, driving record, or current vehicle information in order to locate him through state Department of Motor Vehicles search); *Creamer v. General Teamsters Local Union 326*, 560 F. Supp. 495, 499 (D. Del. 1983) (finding declarant to be unavailable after proponent checked the telephone directory of his last known city of residence, reviewed transcripts and court files of other proceedings in which he was involved,

contacted government investigators, government attorneys, and declarant's local attorney). Viewing these precedents as a whole, the Court finds that the touchstones of "reasonable means" under Rule 804(a)(5) are variation and repetition. That is, using reasonable means to locate a declarant means identifying various methods for finding that individual, and then employing some or all of those methods recurrently. Stated another way, while the circumstances will vary with each case, a party seeking to show that a declarant is unavailable under Rule 804(a)(5) should generally demonstrate two things: 1) that it fashioned a multifaceted approach to locate the declarant; and 2) that it implemented each of these investigative methods more than once, unless it was clear at the time that repetition of any one method would have proven futile.[3]

Turning to the instant case, Plaintiffs' investigator avers to the following efforts to locate Mr. Williams. First, he delivered a subpoena to Mr. Williams's parole officer in October 2011, but the officer informed him that Mr. Williams was no longer on parole and that he could not provide a current address. Boyle Aff., ¶ 6. Next, he searched for Mr. Williams in three nationwide databases and found an address in East Orange, New Jersey[4]; upon visiting that address, an unidentified person who answered the door informed him that nobody by the name Malcolm Williams or "Money" (Mr. William's nickname) lived at the residence. *Id.* ¶ 7. Mr. Boyle left phone messages with relatives of Mr. Williams, but they went unreturned. *Id.* ¶ 8. Based on the foregoing, Mr. Boyle concluded that "the further expenditure of monies based upon

---

[3] For example, if a party attempts to locate a witness by calling a phone number, and the phone call results in a message that the number has been disconnected, then it would likely be futile to call that same number again. However, if calling the number resulted in a busy signal, or a telephone answering machine, or an endless set of rings, then it may be necessary to try that phone number at least one more time. Similarly, if a visit to a witness's last known address reveals that his home or apartment has been condemned or razed, then a second trip to that address would certainly prove futile. But if a knock on the door simply produces no answer, or engenders a surly reply from an uncooperative homeowner, a party may well have to do more to establish reasonable means. Depending on the circumstances, it could make a second visit to the home at a different time of day, or inquire with a neighbor.

[4] Defendants obtained the same address for Malcolm Williams through a simple whitepages.com search. Second Decl. of Jeffrey M. Patti, ¶ 2.

the information provided by Defendants will in all probability not result in locating Mr. Williams." *Id.* ¶ 10.

While the Court recognizes that Plaintiffs' investigator did employ a variety of tactics to find Mr. Williams, he failed sufficiently to redouble these efforts in important ways. Simply stated, one unsuccessful attempt to serve a subpoena, one visit to a last known residence, and one set of phone calls to various relatives, taken together, were not enough under the circumstances to establish Mr. Williams's unavailability under the meaning of Federal Rule of Evidence 804(a)(5)(B).

### III.     CONCLUSION

For the reasons stated above, Plaintiffs have failed to offer any evidence which was previously unavailable at the time the Court granted summary judgment in Plaintiffs' favor. In addition, such evidence, even if considered, would not change the result the Court reached at the June 13, 2012 hearing. Thus, Plaintiffs' motion for reconsideration will be denied. The Court will issue an appropriate order.

Dated:   3/25/13                                                                              /s/ Robert B. Kugler
                                                                                         ROBERT B. KUGLER
                                                                                         United States District Judge